## Case No. 11,674.

### In re REIMAN et al.

[7 Ben. 505.] [1]

District Court, S. D. New York. Dec., 1874.[2]

BANKRUPTCY—OPPOSITION TO COMPOSITION.

Creditors opposed the confirmation by the court of a proposed composition which had been accepted at the meeting of creditors duly called, because of real estate said to belong to the bankrupt R., in New Orleans and Mississippi, which was not reckoned in the assets, and would be enough, if reckoned, to warrant the payment of a larger percentage upon composition: *Held,* that, as it was doubtful whether the bankrupt had any interest in the real estate, which could be reached by an assignee in bankruptcy, and as it was clear that it could only be reached by long and expensive litigation, and as the creditors, with full knowledge of the facts, voted with great unanimity to accept the composition offered, no sufficient reason was shown why the court should refuse to confirm it.

[In the matter of Morris Reiman and Albert Friedlander, bankrupts. For a full description of the case, see Case No. 11,673.]

BLATCHFORD, District Judge. The question to be decided in this case is, whether the proposed composition is for the best interest of all concerned, and whether, for any reason shown, it cannot proceed without injustice to the creditors. The only reason urged why the court should refuse to accept and confirm the composition, is the suggestion that Reiman has real estate in New Orleans and other real estate in Mississippi, of a value sufficient to warrant the payment of a larger sum in composition than that proposed, such real estate not having been reckoned as among the assets of Reiman, in arriving at the composition proposed.

The real estate in Mississippi is too small in value to be worthy of consideration, in respect of any existing right of property of Reiman in it.

As to the real estate in New Orleans, while I incline very strongly to the opinion that Reiman has no interest in it which can be reached by any of his present creditors, or by an assignee in bankruptcy representing them, it is sufficient to say that it appears to be very doubtful whether the property could be reached by or for the creditors; that it is certain it could be so reached only after strenuous and expensive litigation; and that the creditors have, after a full hearing and a thorough investigation, and in view of the alleged existence of the New Orleans property as property of Reiman liable to their claims, affirmed, with striking unanimity, the propriety of accepting the composition.

I must, therefore, hold that it is for the best interest of all concerned that the composition be confirmed, and that is not shown that it cannot proceed without injustice to the creditors.

[This judgment was affirmed by the circuit court, where it was carried by a petition of review. Case No. 11,675.]